IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MICHAEL & MARIA CURLO, | ) | CASE NO. BK05-40847-TLS |
| | ) | |
| Debtor(s). | ) | CH. 12 |

## ORDER

Hearing was held on December 20, 2006, on the motion by Wachovia-Coll Agt/Sass Muni IV Dtr ("Wachovia") to file an amended claim (Fil. #111) and resistance by the debtors (Fil. #113). Michael Snyder appeared for the debtors, Jamie Reiter appeared for Wachovia, and Allan Eurek appeared for Sherman County.

The creditor, as the purported assignee of Tax Lien Services Group, is the holder of tax sale certificates for delinquent real property taxes purchased from the Sherman County Treasurer and filed a proof of claim in this case for one of the certificates representing a portion of the taxes due for the 2002 tax year. That claim amounts to $1,255 plus 14 percent interest. The creditor also purchased another tax sale certificate on another property of the debtors and paid the 2003 and 2004 taxes on both properties, but did not include those in its claim. It moves for permission to file an amended proof of claim for the total amount of the taxes it purchased on both properties, which is $14,581.34, with interest accruing at the Nebraska statutory rate of 14 percent.

The debtors' amended Chapter 12 plan (Fil.#63) was confirmed on August 19, 2005 (Fil. #107). Under the terms of the plan, Tax Lien Services Group, as holder of a secured claim of $4,734.63 by virtue of its tax sale certificates, is to be paid that amount, with 5.5 percent interest, in three equal annual installments. It retained its senior lien on the real estate, and was offered a deed of trust as adequate protection. The plan also lists Sherman County as a secured creditor for the 2003 and 2004 real estate taxes, in the amount of $4,560.62. The debtors proposed to pay that amount, with 5.5 percent interest, in three equal annual installments.

Ashton State Bank was the only creditor to object to the amended plan, and the debtors revised their plan to accommodate the bank's concerns. The bank and the debtors then put together a stipulated confirmation order, which was approved by the court.

In resisting Wachovia's motion, the debtors point out that Wachovia did not object to the plan of reorganization or take steps to alter the amount of its claim until more than one year after the plan was confirmed and the first annual payments had already been made.

While the decision to allow an amendment to a claim is within the sound discretion of the bankruptcy court, *In re Farmland Indus., Inc.*, 305 B.R. 497, 504 (Bankr. W.D. Mo. 2004) (citing *In re Wrenn Ins. Agency*, 178 B.R. 792, 798 (Bankr. W.D. Mo. 1995)), the issue of the finality of a court order must also be considered.

The terms of a confirmed Chapter 12 plan bind the debtors and each creditor. *Schellhorn v. Farmers Sav. Bank (In re Schellhorn)*, 280 B.R. 847, 852 (Bankr. N.D. Iowa 2002); *In re Lech*, 80 B.R. 1001, 1007 (Bankr. D. Neb. 1987). The plan's treatment of a claim is res judicata, even if the treatment is erroneous. *Schellhorn*, 280 B.R. at 853. Thus, it is too late to amend Wachovia's claim. However, that does not mean Wachovia is not entitled to be paid. A well-established principle of bankruptcy law is that liens pass through bankruptcy proceedings unaffected, so a creditor holding a lien on a debtor's assets need not file a claim and may look to the lien to satisfy the debt. 11 U.S.C. § 506; *FDIC v. Union Entities (In re Be-Mac Transp. Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1996); *In re Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984); *In re Wolff*, 175 B.R. 27, 29 (Bankr. E.D. Ark. 1994).

In the present case, the Curlos' confirmed plan proposes to pay Tax Lien Services Group $4,734.63 on its allowed secured claim "for Tax Sale Certificates" without identifying which certificates it is purporting to pay. The plan also proposes to pay Sherman County $4,560.62 for the 2003 and 2004 real estate taxes, which amount does not match the amount set forth in the County's proof of claim ($4,884.50 for what appears to be 2004 taxes only). Sherman County's proof of claim was on file before the debtors filed their amended plan, but Wachovia's proof of claim was filed several weeks after the amended plan was filed, at about the same time the debtors and Ashton State Bank were resolving the bank's objection to the plan. Wachovia asserts that its proof of claim was based on an assumption that it would be receiving some refunds from the County.

To further confuse things, some of the taxes that Wachovia wants to add to its claim appear to be 2004 taxes which were paid in 2005, after this bankruptcy proceeding was filed. Also, Sherman County's proof of claim appears to be for 2004 taxes which became due prior to bankruptcy filing, but did not become delinquent until after the filing date.

With regard to the interest rate claimed by Wachovia in its motion to amend, the case law in this district states that the holder of a tax sale certificate is entitled to the statutory interest rate until confirmation, then receives the market rate provided for in the plan (which used to be known as the *Wichmann* rate, and is now expressly set out in Nebraska Rule of Bankruptcy Procedure 3023-1). *See In re Woerner*, 214 B.R. 208 (Bankr. D. Neb. 1997); *In re George Geringer*, Case No. BK98-80692, Memorandum of Mar. 4, 1999; and *United States v. Neal Pharmacal Co.*, 789 F.2d 1283 (8th Cir. 1986).

Unfortunately, it is difficult to make any sense out of the numbers used in the plan, the motion and the claims. It is unclear from the record as it currently stands which of Wachovia's liens are being dealt with in the amended plan and which are not. To the extent Wachovia paid the County for some or all of the taxes to be paid to the County under the plan, Wachovia should be entitled to receive the plan payments due to the County for such taxes. However, based on the record, this court cannot determine which, if any, of the taxes to be paid to the County under the plan are for taxes or certificates paid or purchased by Wachovia. Also, this court cannot determine which of the taxes and certificates paid or purchased by Wachovia are to be paid under the plan (either in the treatment for Tax Lien Services Group or in the treatment for the County). It is also unclear as to how and when Wachovia became an assignee of Tax Lien Services Group.

The bottom line is that the real estate taxes are secured claims that need to be paid. If Wachovia holds a claim for a tax sale certificate or subsequent taxes which is not addressed and paid through the plan, then that claim is a secured claim that is simply treated outside of the plan. The lien for that tax claim survives, and if it is not paid, the creditor can seek relief from stay to foreclose. Accordingly, since Wachovia has other remedies (i.e., foreclosure), its motion to amend its claim is denied.

Obviously, the parties are going to need to clarify for the Chapter 12 trustee which amounts are being paid through the plan and which amounts will not be so paid (but which will retain the liens and be paid outside the plan). This court cannot do so based on the record. The parties should file a stipulation reconciling which taxes are being paid in the plan. Either party may request a further hearing if they are not able to clarify which taxes and certificates are being paid through the plan (and in what amount) and which taxes and certificates will simply retain their lien and be paid outside of the plan.

IT IS ORDERED: Wachovia-Coll Agt/Sass Muni IV Dtr's motion to file an amended claim (Fil. #111) is denied.

IT IS FURTHER ORDERED that the parties shall file a Stipulation by March 2, 2007, reconciling which taxes and certificates are being paid through the plan (and in what amount) and which taxes and certificates will simply retain their lien and be paid outside of the plan.

DATED:    February 6, 2007

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
   *Jamie Reiter
   Michael Snyder
   Allan Eurek
   Richard Lydick
   United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.