IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-40847 |
| | ) | |
| MICHAEL J. CURLO and | ) | |
| MARIA L. CURLO, | ) | CH. 12 |
| | ) | |
| Debtors. | ) | |

## ORDER

This matter was presented to the Court on Debtors' Motion to Reconsider (Fil. #122) portions of this Court's Order dated February 6, 2007 (Fil. #121), and an Objection thereto filed by Creditor Wachovia-Coll Agt/Sass Muni IV Dtr ("Wachovia") (Fil. #123). Michael R. Snyder appeared for Debtors, and Jamie D. Reiter appeared for Wachovia.

In the prior Order, this Court denied Wachovia's motion to file an amended claim (#111) and stated that if Wachovia holds a claim that is not treated by and paid through the plan, it is a secured claim that passes through bankruptcy unaffected and must be paid outside of the plan. Debtor asks for reconsideration because Wachovia filed a proof of claim and was otherwise treated in the plan. *See Harmon v. United States*, 101 F.3d 574, 581-82 (8th Cir. 1996) (if no proof of claim is filed or if the plan does not address it, a secured claim passes through bankruptcy unaffected).

In making their argument, Debtors fail to recognize that this Court's prior Order specifically addressed the fact that some claims of Wachovia were treated in the plan and are binding, and other portions of what is owed to Wachovia did not appear to be addressed (and the parties were ordered to submit a stipulation as to what the plan was intended to address). The mere fact that a proof of claim was filed for one of Wachovia's claims (and which was filed after the amended plan was filed) does not mean that Wachovia loses all other security interests it may have. Therefore, the motion to reconsider filed by Debtors is denied.

However, while reviewing the pertinent documents in connection with Debtors' motion to reconsider, it became apparent that it is possible to determine which of Wachovia's claims are addressed in the plan and which are not. Specifically, Debtors' confirmed Chapter 12 plan did address payment of the two tax sale certificates held by Wachovia, as well as the calendar year 2003 real estate taxes and, specifically, did not address real estate taxes for 2004 and beyond. Accordingly, the Order dated February 6, 2007 (Fil. #121), is amended as set forth herein.

Wachovia is the assignee of Tax Lien Services Group and is the holder of tax sale certificates for delinquent real property taxes purchased from the Sherman County Treasurer. Wachovia filed a proof of claim in this case for one of the certificates representing a portion of the taxes due for the 2002 tax year. That proof of claim was in the amount of $1,255.00 plus 14% interest. Wachovia also purchased another tax sale certificate on another parcel of Debtors' property and paid the 2003 and 2004 taxes on both properties, but did not include any of those amounts in its proof of claim.

Wachovia moves for permission to file an amended proof of claim in the total amount of both of the certificates and the taxes it purchased on both properties, which is $14,581.34, with interest accruing at the Nebraska statutory rate of 14%.

Debtors' amended Chapter 12 plan (Fil. #63) was confirmed on August 19, 2005 (Fil. #107). Under the terms of the plan, Tax Lien Services Group, as holder of a secured claim of $4,734.63 by virtue of its tax sale certificates, is to be paid that amount, with 5.5% interest, in three equal annual installments. It retained its senior lien on the real estate, and the plan provided for it to receive a deed of trust as adequate protection. The plan further lists Sherman County as a secured creditor for the 2003 and 2004 real estate taxes, in the amount of $4,560.62. The plan provides for payment of that amount, with 5.5% interest, in three equal annual installments.

Wachovia did not object to Debtors' original plan filed on March 8, 2005 (Fil. #3), nor to Debtors' amended plan filed on June 6, 2005.

In resisting Wachovia's motion to amend its proof of claim, Debtors point out that Wachovia did not object to the plan of reorganization or take steps to alter the amount of its claim until more than one year after the plan was confirmed and the first annual payments had already been made.

While the decision to allow an amendment to a claim is within the sound discretion of the bankruptcy court, *In re Farmland Indus., Inc.*, 305 B.R. 497, 504 (Bankr. W.D. Mo. 2004) (citing *In re Wrenn Ins. Agency*, 178 B.R. 792, 798 (Bankr. W.D. Mo. 1995)), the issue of the finality of a court order must also be considered. The terms of a confirmed Chapter 12 plan bind the debtors and each creditor. *Schellhorn v. Farmers Sav. Bank (In re Schellhorn)*, 280 B.R. 847, 852 (Bankr. N.D. Iowa 2002); *In re Lech*, 80 B.R. 1001, 1007 (Bankr. D. Neb. 1987). The plan's treatment of a claim is res judicata, even if the treatment is erroneous. *Schellhorn*, 280 B.R. at 853.

In the present case, Debtors' confirmed plan provides for payment to Tax Lien Services Group $4,734.63 on its allowed secured claim "for Tax Sale Certificates" without identifying which certificates it is purporting to pay. The plan also proposes to pay Sherman County $4,560.62 for the 2003 and 2004 real estate taxes, which amount does not match the amount set forth in Sherman County's proof of claim ($4,884.50 for what appears to be 2004 taxes and interest). Sherman County's proof of claim was on file before Debtors filed their amended plan, but Wachovia's proof of claim was filed several weeks after the amended plan was filed. Wachovia asserts that its proof of claim was based on an assumption that it would be receiving some refunds from Sherman County.

To further confuse things, some of the taxes that Wachovia wants to add to its claim appear to be 2004 taxes which were paid in 2005, after this bankruptcy proceeding was filed. Also, Sherman County's proof of claim appears to be for those same 2004 taxes which became due prior to bankruptcy filing, but did not become delinquent until after the filing date.

The evidence is undisputed that Wachovia and/or its predecessor, Tax Lien Services Group, paid the following amounts with respect to the real estate taxes on Debtors' property:

1. Parcel No. 070069000:

| Date | Description | Principal | Interest | Total Paid |
|---|---|---|---|---|
| 03/10/04 | 2002 tax sale certificate | | | 1,101.07 |
| 07/02/04 | First-half 2003 tax payment | 525.19 | 12.09 | 537.28 |
| 11/10/04 | Second-half 2003 tax payment | 525.19 | 14.50 | 539.69 |
| 06/28/05 | First-half 2004 tax payment | 570.37 | 13.13 | 583.50 |
| 11/18/05 | Second-half 2004 tax payment | 570.37 | 17.28 | 587.65 |

2. Parcel No. 080000100:

| Date | Description | Principal | Interest | Total Paid |
|---|---|---|---|---|
| 03/10/04 | 2002 tax sale certificate | | | 3,635.56 |
| 07/02/04 | First-half 2003 tax payment | 1,755.12 | 40.39 | 1,795.51 |
| 11/10/04 | Second-half 2003 tax payment | 1,755.12 | 48.47 | 1,803.59 |
| 06/28/05 | First-half 2004 tax payment | 1,871.88 | 43.08 | 1,914.96 |
| 11/18/05 | Second-half 2004 tax payment | 1,871.88 | 56.72 | 1,928.60 |

As indicated previously, on the day Debtors filed this Chapter 12 proceeding, they filed a proposed plan (Fil. #3). Debtors subsequently filed an amended plan on June 8, 2005 (Fil. #63), which amended plan was confirmed. The amended plan did not make any substantive changes to the treatment of the Wachovia claim or the Sherman County tax claims than was provided in the first version of the plan.

The plan provides that Tax Lien Services Group will be paid the sum of $4,734.63 for "Tax Sale Certificates." The plan also provides that Sherman County will be paid $4,560.62 for 2003 and 2004 real estate taxes. However, in the liquidation analysis portion of the plan, Debtors included the foregoing amounts, plus an additional amount of $3,500.00 for "Taxes (Estimated 2004 not yet due)."

The amount set forth in the plan for payment of tax sale certificates ($4,734.63) is exactly the amount that was paid to purchase the 2002 tax sale certificates on both parcels. Thus, the plan is clearly referring to the 2002 tax sale certificates on both parcels and Wachovia is bound by the terms of the confirmed plan with respect to those 2002 tax sale certificates.

The principal amount of the 2003 taxes paid by Wachovia, or its predecessor, was $4,560.62. That happens to be exactly the amount that Debtors propose in their plan to pay to Sherman County. Apparently, Debtors were not aware that Wachovia paid those subsequent taxes. Even though that

particular section of the plan references the 2003 and 2004 taxes, it clearly only dealt with the 2003 taxes. The dollar amount is exactly the principal amount of the 2003 taxes and the liquidation analysis reveals that Debtors did not intend to include the 2004 taxes. Thus, Wachovia's claim for the 2003 real estate taxes on both parcels was addressed in the plan, Wachovia is entitled to receive the plan payments that are designated as due to Sherman County for such taxes, and Wachovia is bound by the terms of the confirmed plan with respect to the 2003 taxes.

Finally, Wachovia asserts that it is entitled to amend its proof of claim to include amounts that Wachovia paid for the 2004 taxes, which payments were made on June 28, 2005, and November 18, 2005. Those payments by Wachovia were made post-bankruptcy. As discussed above, Debtors specifically did not address payment of the 2004 taxes in the confirmed plan. Instead, the plan only dealt with tax payments that had become delinquent prior to the date of the bankruptcy filing. Thus, since the 2004 taxes were excluded from the plan, Debtors' obligation to pay the 2004 taxes is a post-petition obligation that must be paid by Debtors outside of the plan. Wachovia is the holder of the tax sale certificates for each of the parcels and, as a result of Wachovia having paid the 2004 taxes to Sherman County, Wachovia is entitled to receive any payments made to Sherman County for the 2004 real estate taxes. Further, Wachovia's lien for the amounts paid, plus statutory interest, for the 2004 real estate taxes survives as a post-petition obligation.

IT IS ORDERED: For the foregoing reasons, Debtor's motion to reconsider (Fil. #122) is denied and Wachovia-Coll Agt/Sass Muni IV Dtr's motion to file an amended claim (Fil. #111) is denied. This Court's prior Order dated February 6, 2007 (Fil. # 121), is amended as set forth herein and the parties are not required to submit the stipulation referenced in the prior Order.

DATED: March 6, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Jamie D. Reiter
    *Michael R. Snyder
    Richard Lydick
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.